## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IHOR FERT, OLGA MALANCHAK and ADAM FERT**<br><br>8565 N. Monroe Ave.<br>Lindenhurst, NY 11757<br><br>Plaintiffs,<br><br>   against<br><br>**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES**<br><br>20 Massachusetts Ave NW,<br>Washington DC 20529<br><br><br>Defendant. | Case No.: 1:18-cv-2097<br><br>COMPLAINT |

## **COMPLAINT**

## DESCRIPTION OF ACTION

1. This is an action brought pursuant to the Administrative Procedure Act, 5 U.S.C. § 701 *et. seq*., by plaintiffs, Ihor Fert, his wife, Olha Malanchak, and their son, Adam Fert, against the defendant, the United States Citizenship and Immigration Services (USCIS), asking the Court to hold unlawful and set aside the agency's decisions of July 5, 2018[1] in File Nos. A214002770; A214002771 and A214002769, respectively, denying their applications for adjustment of status (Forms I-485) on the grounds that Mr. Fert was out of status for over 180 days at the time he filed his (second) application for adjustment of status. Inasmuch as the agency's decisions denying all of plaintiffs' applications are not in accordance with law, they should be held unlawful and set aside.

## DESCRIPTION OF THE PARTIES

2. Ihor Fert, Olha Manchak and Adam Fert (the Ferts) are all citizens and natives of the Ukraine, residing in Nassau County, New York. Olha Manchak is Ihor Fert's wife, and Adam is their unmarried minor son.

---

[1] This is the final decision in this matter and the one of which the plaintiffs seek review by this Court.

3. Ihor Fert is the beneficiary of an approved immigrant visa petition classifying him as an "alien of extraordinary ability", which means that he has been found by USCIS to be among the small percentage of those who have risen to the very top of his field of accordion playing.

4. The defendant United States Citizenship and Immigration Services is an agency within the Department of Homeland Security with, among other things, responsibility for the adjudication of applications for adjustment of status by non-citizens to obtain lawful permanent resident status in the United States.  It is based in the District of Columbia.

## JURISDICTION

5. This being a civil action against the United States arising under the Immigration and Nationality Act, 8 U.S.C. § 1101 et. seq., and the Administrative Procedure Act, 5 U.S.C. § 701 et seq., both laws of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

## VENUE

6.  This Court has venue over this matter under 28 U.S.C. § 1391(e)(1)(A) in that the defendants reside in this judicial district.

## V. STANDING

6.  The Ferts all have a legally protected interest in a decision by the USCIS on their applications for adjustment of status which is in accordance with law and (1) the invasion of this right has caused them concrete and particularized injury in that as a result of this invasion they have been barred from even being considered for lawful admission to the United States for permanent residence in the USCIS's discretion;  (2) there is a causal connection between the injury-in-fact and the defendant's challenged behavior in that it is precisely the defendant's denial of the plaintiffs' applications for adjustment of status which prevents them from being considered for permanent residency and (3) it is certain that the injury-in-fact will be redressed by a favorable ruling in that such a ruling will give them an opportunity to apply for  permanent residence which they are currently lacking. *Kurapati v. U.S. Bureau of Citizenship & Immigration Servs.*, 775 F.3d 1255, 1259-61 (11th Cir. 2014) (viewing "deprivation of an opportunity to apply for adjustment of status" as injury),  *Patel v. U.S. Citizenship & Immigration Servs.*, 732 F.3d 633, 637-38 (6th Cir. 2013) (viewing "the loss of an opportunity to become a permanent resident" as injury), *Matushkina v. Nielsen*, 877 F.3d 289, 293

(7th Cir. 2017) (loss of an opportunity to be granted a visa conveyed standing, even if the ultimate issuance of a visa was not certain). Accordingly, the plaintiffs have standing to complain of this action. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

### BRIEF NARRATIVE OF PERTINENT FACTS

7. The plaintiff, Ihor Fert, is a native and citizen of Ukraine who was admitted to the United States as a visitor on January 8, 2016, with permission to remain until July 7, 2016.
8. On March 6, 2016, Mr. Fert filed a petition to be classified under 8 U.S.C. § 1153(b)(1)(A) as an alien of extraordinary ability together with an application to adjust status to permanent resident under 8 U.S.C. § 1255(a).
9. Olha Malanchak and Adam Fert both filed applications for adjustment of status on the same date as Ihor Fert's dependents.
10. However, inasmuch as Mr. Fert's immigrant visa petition was denied, so too was all of the Ferts applications for adjustment of status on August 14, 2017.
11. Subsequently, on October 10, 2017, Ihor Fert filed another immigrant visa petition on the same grounds.
12. On the same date all of the Ferts applied to adjust their status to permanent resident.
13. This time the immigrant visa petition was almost immediately approved on October 18, 2017.

14. However, Mr. Fert was issued a request for evidence in response to his application for adjustment of status asking for an explanation or evidence of any lawful status or employment authorization granted to him from July 7, 2016 until October 10, 2017.

15. In response, Mr. Fert contended that any period he was out of status while his I-485 was pending was through no fault of his own inasmuch as he had received ineffective assistance of counsel, in that his attorney failed to advise him to maintain a lawful nonimmigrant status while his first application for adjustment of status was pending.

16. Nevertheless, on July 5, 2018 the USCIS issued a decision denying Mr. Fert's application, finding that "(t)he record shows that the aggregate period in which you failed to maintain a lawful status or violated the terms and conditions of your admission exceeds the 180 day maximum excusable under INA 245(k)."

17. On or about the same date Olha Malanchak and Adam Fert's applications for adjustment of status were also denied because Ihor Fert's application was denied.

COUNT I

I. THE USCIS'S DECISION WAS NOT IN ACCORDANCE WITH LAW IN THAT IHOR FERT WAS NOT OUT OF STATUS FOR PURPOSES OF 8 USC 1255(k) WHILE HIS TIMELY FILED APPLICATION FOR ADJUSTMENT OF STATUS WAS PENDING

18. 8 U.S.C. § 1255(k) provides that:

Inapplicability of certain provisions for certain employment-based immigrants. An alien who is eligible to receive an immigrant visa under paragraph (1), (2), or (3) of section 203(b) [8 USCS § 1153(b)(1), (2), or (3)] (or, in the case of an alien who is an immigrant described in section 101(a)(27)(C) [8 USCS §

1101(a)(27)(C)], under section 203(b)(4) [8 USCS § 1153(b)(4)]) may adjust status pursuant to subsection (a) and notwithstanding subsection (c)(2), (c)(7), and (c)(8), if--
**(1)** the alien, on the date of filing an application for adjustment of status, is present in the United States pursuant to a lawful admission;
**(2)** the alien, subsequent to such lawful admission has not, for an aggregate period exceeding 180 days--
**(A)** failed to maintain, continuously, a lawful status;
**(B)** engaged in unauthorized employment; or
**(C)** otherwise violated the terms and conditions of the alien's admission.

19. The USCIS Policy Manual[2] states in material part that:

The following situations do not count toward the 180-day limit[3]

- …
- Any time period of unlawful status that USCIS determines was the result of a "technical violation" or through no fault of the applicant; (citing 8 CFR § 245.2(d)(2)).

20. Further, 8 CFR § 245.2(d)(2)) provides in relevant part that:

> No fault of the applicant or for technical reasons. The parenthetical phrase other than through no fault of his or her own or for technical reasons shall be limited to: …
> **(ii)** A technical violation resulting from inaction of the Service (as for example, where an applicant establishes that he or she properly filed a timely request to maintain status and the Service has not yet acted on that request). …

21. Here, Ihor Fert's failure to maintain status during the time his first application for adjustment of status was pending was the result of a "technical violation" or through no fault of his own inasmuch as he filed a timely request to maintain a lawful immigration status by filing an application to adjust his

---

[2] Online at https://www.uscis.gov/policymanual/HTML/PolicyManual.html.
[3] Of 8 U.S.C. § 1255(k)(2).

status to permanent resident prior to the expiration of his nonimmigrant status on July 7, 2016.

22. Accordingly, from July 8, 2016, until August 13, 2017, Ihor Fert was out of status because the USCIS had not yet acted upon his request for adjustment of status.

23. Therefore he was out of status through no fault of his own or for technical reasons during this period and so, pursuant to the USCIS Policy Manual[4], it did not count towards the 180 day period referred to in 8 U.S.C. § 1255(k)(2).

24. Disregarding this time, Ihor Fert was out of status, for the purposes of 8 U.S.C. § 1255(k)(2), only from August 14, 2017, to October 10, 2017, much less than 180 days.

25. As a consequence, the USCIS's decision denying his application for adjustment of status because he was purportedly out of status more than 180 days for the purposes of 8 U.S.C. § 1255(k)(2) was not in accordance with law.

26. Likewise, inasmuch as Olha Malanchak and Adam Fert's applications for adjustment of status were also denied because Ihor Fer's application was, the denial of their applications were not in accordance with law as well.

COUNT II

---

[4] Section 3.4 of the USCIS's Adjudicator's Field Manual, online at https://www.uscis.gov/ilink/docView/AFM/HTML/AFM/0-0-0-1.html provides that:
"3.4 Adherence to Policy.
(a) Distinction between Correspondence and Policy. …Policy material is binding on all USCIS officers and must be adhered to unless and until revised, rescinded or superseded by law, regulation or subsequent policy, either specifically or by application of more recent policy material. .. Examples of policy materials are:
• Statutes and regulations ( *e.g.* INA and 8 CFR)
• Field and Administrative Manuals"
Accordingly, the USCIS Policy Manual is material is binding on all USCIS officers and must be adhered to unless and until revised, rescinded or superseded by law, regulation or subsequent policy.

## II. THE USCIS'S DECISION DENYING IHOR FERT'S 2ND I-485 WAS NOT IN ACCORDANCE WITH LAW IN THAT HE WAS OUT OF STATUS DUE TO NO FAULT OF HIS OWN AS A RESULT OF INEFFECTIVE ASSISTANCE OF COUNSEL

27. Although the regulations at 8 C.F.R. § 245.1(d)(2) limit the application of this 245(c)(2) exception to the situations listed there, this "rule subverts that subsection's plain meaning: that any alien who falls into unlawful status 'through no fault of his own or for technical reasons' is not precluded from adjusting status under § 245(a)." *Mart v. Beebe*, 2001 U.S. Dist. LEXIS 182 at 17 (D. Ore., 2001), *Alimoradi v. USCIS*, 2008 U.S. Dist. LEXIS 86820 at *16-17 (C.D. Cal, 2008).

28. Accordingly, the evidence Ihor Fert was entitled to present that he was out of status through no fault of his own or technical reasons was not limited to the examples contained in 8 C.F.R. § 245.1(d)(2).

29. Ihor Fert provided evidence in support of his application for adjustment of status that he was out of status through no fault of his own because he had relied upon the ineffective assistance of legal counsel who had advised him that there was no reason for him to continue to maintain a nonimmigrant status while his application for adjustment of status was pending.

30. A person who violates his status in reliance upon the misadvice of legal counsel is out of status due to no fault of his own. *Alimoradi v. U.S.*

*Citizenship & Immigration Servs.,* No. CV 08-02529 DDP (JCx), 2009 U.S. Dist. LEXIS 126248, at *20 (C.D. Cal. Feb. 10, 2009).

31. Accordingly, the USCIS's decision denying Ihor Fert's application for adjustment of status was not in accordance with law.

32. Further, inasmuch as Olha Malanchak's and Adam Fert's applications for adjustment of status were denied only because Mr. Fert's was, therefore the denial of their applications was not in accordance with law either.

33. 5 U.S.C. 706 provides in material part that:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall …
>  **(2)** hold unlawful and set aside agency action, findings, and conclusions found to be--
> **(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

WHEREFORE the plaintiffs requests this Court to hold unlawful and set aside the USCIS decisions denying their applications for adjustment of status.

Respectfully Submitted

s/*Michael E. Piston*
Michael E. Piston (MI 002)
Attorney for the Plaintiffs
225 Broadway Ste 307
New York, NY 10007
Phone 646-845-9895
Fax 206-770-6350